Mark A. Costantino, J.
In this motion for counsel fees a question arises which appears not to have been previously answered by our courts, nor does extensive examination of the history of pertinent statutes reveal the express intent of the Legislature or the Law Revision Commission which recommended the statutes with respect to the right to counsel fees in the situation presented herein.
The action herein is for a declaratory judgment declaring that plaintiff is the lawful wife of the defendant Shenker; that the decree of divorce from plaintiff that Shenker obtained in Mexico is void and that his marriage to codefendant Goldsmith (hereinafter termed wife No. 2) is null and void. Other relief is sought which is not pertinent to the discussion herein.
From the papers submitted on the motion herein it appears that although defendant Shenker and wife No. 2 still reside in the same household, they are for all intents and purposes in a state of separation. Both have appeared and answered the complaint but they appear by separate counsel and submit separate answers. Both assert the validity of the divorce of defendant Shenker from plaintiff and both assert the validity of the marriage between the codefendants. Wife No. 2, in addition, demands ■ affirmative relief determining the ultimate rights between herself and defendant Shenker.
Wife No. 2 now moves that her codefendant pay her counsel fee to defend the action and to promote her ultimate rights against him in the event there is an adverse judgment against them in the main action.
*981 Under section 1169 of the Civil Practice Act counsel fees may be awarded to a wife “In an action for divorce, separation or annulment, or to declare the nullity of a void marriage brought in the lifetime of both parties ’ The action herein, besides being one to declare the Mexican divorce void, is also one to declare the nullity of the second marriage. Thus it would appear that the court has jurisdiction to award counsel fees in the action. Defendant Shenker, however, urges that the above section merely countenances an action in which a spouse seeks a declaration that that spouse’s marriage is void and does not contemplate the declaration of the invalidity of another marriage. There is nothing in the language of the section from which the limitation urged can be gathered. If we were to examine section 1140-a of the Civil Practice Act which, with respect to temporary support in actions for annulment or to declare the nullity of a void marriage, has the same purport as section 1169 of the Civil Practice Act, it would appear that the Legislature had no intention to limit the allowance of temporary alimony or counsel fees to a suing wife or one sued by her husband. Section 1140-a provides: ‘ ‘ When an action is brought to annul a marriage or to declare the nullity of a void marriage, the court may give such direction for the support of the wife by the husband as justice requires. * * * This
section shall apply to any action brought by either the husband or the wife or by any other person in the lifetime of both parties to the marriage ”.
The word “ support” as used in the above section includes counsel fees (see Dravecka v. Richard, 267 N. Y. 180) and the phrase “ any other person ” includes a former husband or wife (Civ. Prac. Act, § 1134). It is thus my view that either under section 1169 or section 1140-a, a wife, codefendant to her husband in an action by a previous wife to annul the second marriage or to declare the marriage void, may in the court’s discretion be allowed counsel fees. Taking any other view, it would appear to me, may create an injustice were we to compel a wife, who contracted a marriage in good faith, to sit back idly without the opportunity to save her marriage through proper representation by counsel or to give up her claim to support.
Accordingly, the motion is granted. Counsel fees in the amount of $500 are awarded payable as follows: One half within 10 days after service of a copy of this order and the balance when on .the Ready Day Calendar.