Joseph A. Suozzi, J.
Defendant moves for renewal and reargument of his motion to dismiss the complaint herein under subdivision 4 of rule 107 of the Rules of Civil Practice which was decided with plaintiff’s motion for counsel fees. This motion to renew is granted, and upon the reargument the court renders this decision in lieu and in place of its original decision of August 8,1961.
The plaintiff has brought an action to annul and declare void a marriage contracted with the defendant, and the plaintiff wife seeks alimony therein. Plaintiff moves for a counsel fee, and defendant moves under subdivision 4 of rule 107 to dismiss the complaint as res judicata.
The parties to this action were married at Elkton, Maryland in 1959, following the purported rendition in Mexico of a decree divorcing defendant Seymour Brodlieb from Rebecca, his first wife. In 1960 Rebecca Brodlieb secured a judgment in this court in an action wherein the litigants in the instant action both appeared by the same counsel as defendant, by which judgment the marriage between these defendants was declared void on the ground of the invalidity of the Mexican decree arising, it is said (although the findings of fact are not before the court on this motion), from the fraud of the husband in obtaining from Rebecca a power of attorney authorizing an appearance in Mexico. It appears that this court (G-ulotta, J.) specifically refrained from determining any of the mutual rights of the parties to this action insofar as alimony and counsel fees were concerned. However, the final judgment in that action specifically declared that “ the marriage between the defendants Seymour Brodlieb and Leona Buckingham Craven, also known as Leona Brodlieb * * * is null and void ”.
The defendant urges dismissal of the complaint on the grounds that the declaration in the aforesaid judgment is res judicata. Plaintiff on the other hand, contends that she is entitled as a matter of right to bring an action for annulment pursuant to section 1134 of the Civil Practice Act.
A marriage void ab initio is a nullity without a judicial decree declaring it to be such. (Stein v. Dunne, 119 App. Div. 1, affd. 190 N. Y. 524; Pettit v. Pettit, 105 App Div. 312; Patterson v. Gaines, 6 How. [47 U. S.] 550, 592.)
By section 1132 et seq. the Legislature has authorized an action to declare void a marriage which is actually void apart from the decree. The decree does not void the marriage, but merely is a formal declaration that the marriage is void. Under the available provisions of the Civil Practice Act the plaintiff is entitled to a declaration of the nullity and voidness of her *349 marriage, and to alimony and counsel fees if conditions and circumstances warrant it.
As for the declaration of the nullity of the marriage, this has already been had in the prior action before Mr. Justice G-ulotta hereinabove described, which resulted in the final judgment referred to above. Plaintiff was joined as a defendant in that action. Since plaintiff seeks a declaration of the same import and effect as the declaration already granted, it would appear to be futile and to serve no useful purpose to relitigate this question. The court concludes, therefore, that the said judgment of Mr. Justice G-ulotta is res judicata on this question. In the court’s opinion the plaintiff is not entitled as a matter of right to another decree of annulment, and the complaint is, therefore, dismissed.
The dismissal of this complaint does not deprive plaintiff of a determination of her rights to alimony and counsel fees. Section 1140-a of the Civil Practice Act affords the plaintiff an appropriate remedy for such a determination. Although the language of section 1140-a refers only to support of the wife, this language has been interpreted as including counsel fees as well (Shenker v. Shenker, 14 Misc 2d 980; cf. Dravecka v. Richard, 267 N. Y. 180). Under the circumstances, plaintiff should pursue her remedy under section 1140-a by seeking a modification of the judgment in the prior action, and not by commencing a new and separate proceeding.