Isidore Levine, J.
After a full hearing on the merits, petitioner’s application for an order of support in accordance with article 4 of the Family Court Act, based upon her allegation that ‘ ‘ respondent since on or about approximately five years ago has refused and neglected to provide fair and reasonable support for petitioner and the other dependents according to his means and earning capacity,” is dismissed, without prejudice, however, to petitioner’s right to institute a new petition in the event that respondent fails to continue his present payments to petitioner, or in the event respondent’s net income in the future exceeds his 1968 net income.
The court finds that the respondent has indeed been supporting the petitioner and children at all times during the past five years, according to'his means. The evidence clearly establishes that the respondent has been voluntarily making payments to petitioner for herself and the children in excess of his obligatons under the separation agreement dated November 25, 1961.
Even if the court were to hold that the respondent’s obligations for support should be based solely on his net income for his bonanza year of 1968 when he earned $36,243 from his legal practice, (plus a nonrecurring capital gain of $4,956.12), the income taxes, Federal, State and city, paid by respondent for said year totaled $13,567.24, leaving him less than $23,000 spendable income from his legal income (plus whatever the taxes would be on the capital gain of $4,956.12, since the taxes thereon were part of the total taxes paid by respondent).
Accordingly, the respondent was left with spendable income of approximately $23,000 to $25,000 during 1968, out of which he paid petitioner $14,408.67, all tax free to petitioner, leaving him with somewhere between $8,600 to $10,000 approximately, or approximately 40% of his net spendable income.
While it might have been helpful to the court to have had a six or seven months’ income, expense and tax liability report for the first six or seven months of 1969, to ascertain the direction in which respondent’s income was heading, the court did have testimony from the respondent, which it credits, that his *248 1969 estimate is that he would earn more than 1967 when he earned $20,000, and less than 1968.
In any event, the respondent established that, during the year 1969 to date he contributed to the petitioner the sum of $9,670.13, which may be projected to an annual contribution equivalent to the $14,408.67 paid by him in 1968, which would then be in excess of the $11,677.76 contributed by him in 1967 when he earned $20,000.
Since the court has found that the respondent has been providing fair and reasonable support for petitioner and the children during the past five years according to his means and earning capacity, the petition is dismissed, without prejudice to the right of the petitioner to institute a new petition if the circumstances referred to in the first paragraph of this decision eventuate.
On the application of petitioner’s attorney for counsel fees, same is allowed notwithstanding the dismissal of the petition herein.
Section 438 of the Family Court Act dealing with awards for counsel fees provides as follows: “In any proceeding under this article by a wife or former wife, against her husband, or former husband, including proceedings for herself and her children # * * the court may allow counsel fees at any stage of the proceeding, to the attorney representing the wife, former wife, or person on behalf of children ” (italics supplied).
It will be noted that the section permits the court to award counsel fees at any stage of the proceeding, but does not specify whether success by the wife is a prerequisite to an award of counsel fees to her attorney.
The court has been unable to find any case directly in point under section 438 of the Family Court Act, although Matter of Sullivan v. Sullivan (55 Misc 2d 691, affd. 29 A D 2d 739) is somewhat suggestive of the answer. In that ease, involving petitioner’s application for an increase in an order of support, and respondent’s application for a decrease, both applications were denied. The court however, used this language (p. 694): ‘1 The petitioner in her modification proceeding asks for counsel fees (Family Ct. Act, § 438). Such allowance is discretionary with the court and is conditioned not only upon the services rendered, but upon all the other circumstances of the case.”
However, even though the court held that counsel fee is discretionary, it may be argued that the court considered the question of counsel fees for the petitioner (although same was ultimately denied) upon the special facts therein, only because respondent had cross-petitioned for a reduction in the support *249 order, and accordingly the petitioner wife was required to defend against the respondent husband’s cross application for reduction, thereby entitling her to a consideration of counsel fees for her attorney.
Suggestive of a possible answer, however, is subdivision (a) of section 237 of the Domestic Relations Law dealing with the right of the wife to counsel fees in actions for divorce, separation, annulment, etc.
Said subdivision (a) of section 237 of the Domestic Relations Law reads in part as follows: “ In any action or proceeding brought (1) to annul a marriage * * * or (2) for a separation, or (3) for a divorce # * * the court may direct the husband * # * to pay such sum or sums of money to enable the wife to carry on or defend the action or proceeding as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.” (Note that section 438 of the Family Court Act as well as subdivision (a) of section 237 of the Domestic Relations Law both make the granting of counsel fee discretionary with the court.)
In the practice commentary of David D. Siegel contained in McKinney’s Consolidated Laws of New York, Domestic Relations Law, explanatory of the legislative history and purport of section 237 of the Domestic Relations Law, at page 287, it is stated that “ nothing is said in section 237(a) about the wife’s success or failure in the suit, or about her being plaintiff or defendant. Regardless of her position, apparently, and regardless of the outcome, the court’s discretion remains and it alone will determine whether she is to be awarded counsel fees and expenses.” And in the last two sentences prior to the above-quoted paragraph we find the following language: “ (It was expressly the Committee’s aim to reduce 1 necessity ’ [for counsel fee] to only a factor in the exercise of the court’s discretion rather than to let it remain a standard by itself; see Leg. Doe. [1961] No. 19, p. 81.) In either instance the court’s discretion will dictate the answer. Under the broad criteria set forth in the section, each case will necessarily be sui generis. ’ ’
Interpretive of this subdivision (a) of section 237 of the Domestic Relations Law is the case of Becker v. Becker (46 Misc 2d 858) where Judge Bernard S. Meter, writing for the Supreme Court in Nassau County, held that upon the evidence there presented the dismissal of the wife’s complaint for separation on the ground of cruelty did not preclude an award of counsel fee in the sum of $750.
Judge Meter held therein that under section 237 of the Domestic Relations Law, despite plaintiff’s lack of success, the *250 court has discretion to award a counsel fee, taking into consideration the circumstances of the case, and that in view of the physical acts involved the bringing of the action was not unjustified. The court further found that plaintiff is without funds and defendant has assets (as is the case at bar) and finally concluded by stating that (p. 860) “ while the time spent by plaintiff’s attorneys and their standing at the Bar would warrant a substantially higher award, the court concludes, considering all of the circumstances, that counsel fee of $750 should be awarded.”
See, also, Brownstein v. Brownstein (25 A D 2d 205, 211), where the Appellate Division held that ‘ ‘ Notwithstanding the dismissal of plaintiff’s action, the allowance is authorized (see Domestic Relations Law, § 237) and the allowance here neither appears to be an improper exercise of the court’s discretion nor unreasonable in amount.”
'So, too, in the case at bar, notwithstanding the ultimate dismissal of the proceeding, the petitioner’s action in the case at bar was not specious or capricious, and was not wholly lacking in apparent merit or reasonable probability of success. The respondent did, in fact, have an unprecedented year as far as his 1968 earnings are concerned, and the petitioner had a right to contest whether she was receiving a proper amount for her support and for the children in the light thereof. Her ultimate loss of her support proceeding should not put her in position where she would be unable to contest her right to greater support in the future, in the event of further increase in the respondent’s earnings, where she would have a reasonable basis for instituting such future proceeding, but would be unable to do so because of her lack of funds to pay counsel fees in the event such proceeding were again dismissed.
In this latter connection, the memorandum of the Special Committee on Matrimonial Law of the Association of the Bar of the City of New York to the Presiding Justices and Associate Justices of the Appellate Division, First and Second Departments, became particularly pertinent (see N. Y. L. J. June 30, 1969, p. 1, col. 7).
It will be noted therefrom that an inequity results in legal representation of the wife, as compared to the husband, because insufficient counsel fees are awarded even when granted. How much more unfair and inequitable is the situation when no counsel fees at all are awarded because of dismissal of the wife’s suit, and her consequent inability to secure competent counsel in the future, because of her personal inability to pay same if she were unable to secure counsel fee from her husband, despite *251 reasonable right to institute such proceeding in the future, if her proceeding were ultimately dismissed?
The Bar Association memorandum states in part as follows (p. 1, col. 8): “ The result, unfortunately for wives who are not independently wealthy, is that competent attorneys are increasingly reluctant to take on the representation of wives in matrimonial actions where the only expectation of compensation is from an award of statutory counsel fees. What makes the problem particularly poignant is that while attorneys willing to undertake marital litigation are decreasing in number, the need for their services is multiplying.
“We urge * * * judges to take a broader and more realistic view of the kinds of legal services which should be included as among those rendered ‘ to enable the wife to carry on or defend the action or proceeding. ’ A judge making an award of statutory counsel fees (and the Appellate Division reviewing the award), after looking over the attorney’s affidavit of services rendered, should consider whether a persuasive showing has been made that those services, whatever their variety, were required to deal with the problems engendered by the marital dispute, that their performance was reasonable in the particular circumstances, and that the husband can afford to pay for them. When there is such a showing, a commensurate award shall be made. * # *
“ Even with respect to compensation for legal services rendered which relate strictly to the prosecution or defense of the matrimonial action, the statutory awards presently being made are inadequate and even these inadequate awards are being reduced on appeal.
“ Neither do the judges seem to be aware of the compensation explosion which has occurred in most of New York’s law firms and which has required an increase in time charges to cover the cost of associates’ raised salaries.”
In the case at bar, the issues were hotly contested not only at the trial, but in the voluminous affidavits and briefs by both counsel. The presentation and scholarly approach of respondent ’s attorney was most persuasive and impressive. Petitioner’s counsel was equally competent. He should be fairly compensated for his efforts notwithstanding the ultimate dismissal of the wife’s petition.
Petitioner’s counsel in his affidavit requests an additional fee of $500, over and above the sum of $250 heretofore received by him from the petitioner. In the said attorney’s affidavit of August 27,1969 he set forth eight hours of services prior to the court trial of July 25,1969, which consumed the entire day. An *252 examination of such services- might justify the conclusion that the services rendered on May 15, 1969 and June 30, 1969 should not be chargeable to the respondent, for the reasons set forth in his affidavit, although they were of value to the petitioner, and the court will therefore not consider them on this motion. Accordingly, the said attorney is entitled to be fairly compensated for the remaining six hours of services rendered on behalf of petitioner, plus the entire day of trial. In addition, since the original affidavit of services, the petitioner’s attorney has had an additional consultation with petitioner on September 3, 1969, and has dictated petitioner’s affidavit and memorandum of law, consuming an additional 4 hours and 25 minutes, making in all a total time consumed of 10 hours and 25 minutes, plus the entire day of trial. Considering that petitioner’s attorney is entitled to at least $35 per hour other than at trial, which would total approximately $350, and that said attorney would be entitled to $250 for the entire day consumed at trial, he would be entitled to a total of $600. Since he has already received $250 from petitioner, the court awards him the balance of $350, which sum the respondent is directed to pay to petitioner’s attorney on or before October 15,1969.