William Bigler, J.
This proceeding brought by petitioner for expenses and support of out-of-wedlock child and counsel fees for petitioner’s attorney.
Petitioner’s attorney having tried a contested protracted paternity proceeding against a very able and conscientious adversary was successful in obtaining an order of filiation.
The support proceeding consisted of an inquest, a motion for the infant by respondent to vacate the default and set aside the inquest, and a trial on support for the infant on two court days, with court appearances on at least three other occasions.
Presented now to the court are the following issues for disposition:
1. Application of petitioner’s attorney for $8,500 in counsel fees.
2. Expenses incurred by petitioner for the birth of child including doctor $400, pediatrician $100, hospital bill of $1,262.05 less $25.43 personal expenses of petitioner leaving a balance of $1,236.62 for hospital expenses.
3. Support of out-of-wedlock child.
Issue No. 1 — Concerning the question of counsel fees, the court refers to the recent case of Matter of Miller v. Cole (68 Misc 2d 8) wherein Judge Isidore Levine on page 10 states the criteria for determining counsel fees.
Counsel for petitioner is Howard Hilton Spellman, Esq., a noted attorney, a former Conciliation Commissioner of Supreme Court, First Department, and associated wtih numerous committees concerning matrimonial and family law.
The court has taken careful note of Mr. Spellman’s qualifications as well as the affidavit of services and “ time sheet ” submitted on his behalf.
Mr. Spellman has testified that he has not taken a counsel fee from petitioner. The petitioner is a doctor of psychology and by her income tax returns for 1970 and 1971 indicates adjusted gross income of between $14,000 and $18,000 per year. Respondent has a responsible position at a medical school as a doctor earning between $42,000 and $44,000 for the same period and who testified he may be receiving a few thousand dollars more income this year. It should be noted that petitioner does deduct her *805 office expenses from income part of which are for the apartment where she lives with the child.
The petitioner lives by herself with the child. She requires baby sitters and a day care center for the child so she can pursue her profession. The respondent has a wife and three children in Michigan and communtes from Brooklyn to his home. Respondent has submitted a detailed expense book showing all expenditures which court has carefully reviewed.
Petitioner’s attorney may have chosen not to take a fee from his client but in paternity cases especially where the persons involved are intelligent professional people earning substantial livelihoods the court cannot be blind to the petitioner’s income and responsibilities.
The petitioner chose to have this baby. She cannot now seek to hold the man solely responsible for the expenses and support and hold herself harmless, nor may the respondent shrug off the responsibility of this child by urging his liabilities to his other children and wife.
The court therefore makes the following determination as to support, expenses and counsel fees:
The court is aware that if petitioner is able to pay her own counsel, no award may be made (see Kann v. Kann, 38 A D 2d 545). In this proceeding what has been revealed is an ability of petitioner to pay a counsel fee but not of sufficient means to hire an attorney of Mr. Spellman’s reputation and ability to bring this proceeding to a proper conclusion. The court also wishes to distinguish a husband’s liability for counsel fees to his wife’s attorney and a respondent’s in a paternity proceeding where both parties may be responsible for the birth of a child but it is up to the petitioner to come forward and establish paternity.
The court concurs in Judge Levine’s reasoning in the Matter of Miller v. Cole case (68 Misc 2d 8, supra) in relation to the necessity of a proper presentation of petitioner’s case and in considering the foregoing fees as minimum fees under circumstances herein. The petitioner by herself had the difficult burden of establishing the paternity of the child being fought every step of the way by competent counsel for respondent. She was then subjected to lengthy and protracted support proceedings so that it could be established how much support would be furnished the child by respondent.
The court is aware that section 536 of the Family Court Act states that counsel fees may be awarded in discretion of court, “ if she [petitioner] is unable to pay such counsel fees.”
*806 This court in its discretion feels that since section 563 of the Family Court Act allows an apportioned amount of support and education of the child between parents in a proceeding which is technically brought against both parents why not apportion the expenses, support and counsel fees when proceeding is brought by petitioner who, facing the obligations of establishing paternity by herself and considering respondent’s position and denial of paternity, the petitioner hires the best counsel available. This court feels she is unable to pay the fair and reasonable value of such services and is therefore ‘ ‘ unable to pay such counsel fees ” and in its discretion seeks to allow such additional portion of the counsel fees above what the mother can pay for the mother’s attorney to be paid by respondent. Therefore:
1. Counsel fees based on court’s determination of over-all services rendered by counsel for petitioner fixed at $3,500 — respondent considering his income and obligations is responsible for $2,000 of said fee to be paid by respondent directly to petitioner’s attorney on or before December 31,1972.
2. Expenses of birth and delivery of child are fixed at $1,736.62. Respondent to pay $866.31 to petitioner on or before September 1, 1972.
3. Child support based on current needs of child fixed at $120 per week. Respondent responsible for $80 per week commencing July 7,1972, payments directly to petitioner.
To adjust equities the order of support is to commence as of July 7, 1972 and weekly thereafter.