Isidore Levine, J.
Petitioner brought a proceeding under article 4 of the Family Court Act for arrears of child support and for an upward modification of the child support provisions of a divorce decree. After several days of trial, the parties reached an agreement without the knowledge of petitioner’s attorney. Petitioner thereupon refused to appear on the adjourned trial date, leaving petitioner’s attorney unable to proceed, whereupon petitioner’s attorney asked to be relieved as her attorney, which application the court granted, and perforce of petitioner’s default in proceeding, respondent’s motion to dismiss was granted. The application for child support was dismissed without prejudice, but the court reserved decision on respondent’s motion to dismiss with prejudice petitioner’s application for arrears in child support. Petitioner’s attorney now moves for an award of counsel fees pursuant to section 438 of the Family Court Act.
In Matter of Harvey v Harvey (62 Misc 2d 246) this court granted the application of petitioner’s attorney for counsel fees, although the petition was dismissed on the ground that respondent was supporting petitioner and her children according to his means. (See, also, Gardner v Gardner, 40 AD2d 153, affd 33 NY2d 899.) This court now holds that counsel fees may be awarded to petitioner’s attorney under section 438 of the Family Court Act when petitioner settles the case with respondent or where she discontinues the proceeding after her attorney has expended time and effort on the case, resulting in an increase in the order of support.
The Appellate Division has struck an award of counsel fees under section 438 of the Family Court Act to an attorney whose services were found not responsible for the additional voluntary support payments by the father. (Matter of Ohrstrom v Ohrstrom, 35 AD2d 930, affd 29 NY2d 784.) But the *62 parties herein cannot be heard to complain that the services of petitioner’s counsel were valueless because of the agreement reached without his knowledge. The court is convinced that the filing of the support petition and the four days of trial supplied the respondent with motivation to settle.
Petitioner’s attorney accepted the case on the belief that her claims were meritorious (Matter of Harvey, supra), and the agreed upward modification of child support is evidence that this belief was well-founded. The attorney could also justifiably assume that his client would press her claims to conclusion and would not settle the case without his knowledge. He is in a position somewhat similar to an attorney whose client effects a reconcilation in a matrimonial proceeding. Just as the discontinuance of a matrimonial action does not preclude the wife’s attorney from recovering the value of his services (Kaufman v Farah, 281 App Div 48; Radin v Harper, 82 NYS2d 121), so, too, the discontinuance of a support proceeding does not deprive an attorney of counsel fees under section 438 of the Family Court Act.
Petitioner’s attorney submits an affirmation of services showing 21 hours of work and requesting $1,500 in counsel fees. His client has already paid him $600, which he promised to return in the event that the court directed respondent to pay the entire fee. The cost of providing legal services for a child under article 4 is a necessary for which a father is primarily liable. (Matter of Kern v Kern, 65 Misc 2d 765.) After considering the nature and extent of the services rendered, the time necessarily spent, the complexity of the issues involved, the professional standing of counsel, the results achieved, and the circumstances of the parties (Matter of Burk, 6 AD2d 429; Matter of Miller v Cole, 68 Misc 2d 8), the court fixes counsel fees to be paid by respondent in the sum of $400, which sum the court finds the respondent is able to pay. Respondent is directed to pay to petitioner’s attorney directly the sum of $400 as follows: $100 on December 1, 1975; $100 on January 1, 1976; $100 on February 1, 1976; and $100 on March 1, 1976. Nothing herein contained shall prevent petitioner’s attorney from seeking additional counsel fees from petitioner on a quantum meruit basis in an independent plenary proceeding, if he be so advised.
Finally, with respect to respondent’s motion to dismiss with prejudice petitioner’s application for arrears in child support, concerning which decision was reserved at the end of the *63 hearing herein, the court now grants said motion and petitioner’s application for arrears is now dismissed with prejudice.