Richard D. Rosenbloom, J.
This proceeding was brought by petitioner to modify a Supreme Court order providing for child support. On February 17, 1976, a hearing was held at which motions were argued and evidence was presented by petitioner. At the close of the hearing, respondent’s counsel requested and was granted a short adjournment to subpoena certain records and witnesses. On the adjourned date, the petition was withdrawn by petitioner and dismissed without *578 prejudice. Counsel for both parties then requested an award of counsel fees against the opposing party.
Section 438 of the Family Court Act authorizes an allowance of counsel fees to the attorney representing the wife in any proceeding under article 4. There is no statutory requirement that the wife be successful in order to be awarded counsel fees.
In Brownstein v Brownstein (25 AD2d 205), the wife’s attorney was allowed counsel fees where her claim for divorce was dismissed for failure of proof. Likewise in Matter of Winston v Winston (84 Misc 2d 60), an application for counsel fees was granted where petitioner discontinued her proceeding and settled directly with respondent resulting in an increased order of support. Where the petitioner’s action "was not specious or capricious, and was not wholly lacking in apparent merit or reasonable probability of success” counsel fees were awarded even though the action was dismissed. (Matter of Harvey v Harvey, 62 Misc 2d 246, 250.)
There was certainly a genuine dispute between the parties in the instant case. The testimony presented by petitioner could reasonably have supported a finding of a change of circumstances sufficient to warrant a modification of the Supreme Court order. Petitioner required the services of an attorney to deal with the problems engendered by this dispute. Her discontinuance, for whatever reason, did not affect her right to counsel.
I have reviewed the affidavit submitted by petitioner’s attorney detailing some 13 hours of work and I find that the fair and reasonable value of his services is in excess of $750. Giving consideration to all of the circumstances, including the fact that respondent has been required to pay two attorneys for their services to him, I direct respondent to pay the sum of $250 to petitioner’s attorney. One half of that amount is to be paid by April 30, 1976 and one half by May 31, 1976.
Respondent’s attorney draws a distinction between losing and discontinuing an action and bases his application on a theory of compensation for inconvenience and expense caused the respondent. I find no statutory authority for an allowance of counsel fees to the attorney representing the husband and therefore deny respondent’s application.
To avoid any possible abuse of this procedure, in the event petitioner brings any similar proceeding within one year after *579 the date of this decision, a copy of the order entered on this decision shall be presented to the Judge in the subsequent proceeding for his consideration.