Hon. Richard D. Hongisto Commissioner Department of Correctional Services
This is in response to a request for an opinion from your Counsel, Patrick J. Fish, wherein he states that certain inmates serving life sentences have received marriage licenses and have participated in marriage ceremonies. He questions the validity of those marriages in light of section 79-a of the Civil Rights Law and asks my opinion as to the legal status of such marriages.
Mr. Fish is correct in his statement that marriages of persons serving life sentences are prohibited by section 79-a of the Civil Rights Law. The constitutionality of this section is well settled (Johnson v. Rockefeller, 365 F. Supp. 377 [SDNY, 1973], affd 415 U.S. 953). A person sentenced to imprisonment for life is deemed to be civilly dead and any marital relation existing at the time of the sentence is ipsofacto terminated. In fact, life imprisonment is ground for neither divorce nor annulment (In Re Lindenwall's Will, 287 N.Y. 347 [1942]). The marriage is automatically dissolved and the innocent spouse obtains the right to remarry instantly (Wilder v. Wilder, 181 Misc. 1059 [Supreme Ct, Warren County, 1943]; In Re Lindenwall's Will [supra]).
While the courts have had many occasions to deal with the status of marriages after a spouse had been sentenced to life imprisonment and there are statutes dealing with such occurrences (Civil Rights Law, § 79-a; Domestic Relations Law, § 6), I have been unable to find any cases that speak to the status of an inmate who was married in violation of Civil Rights Law, § 79-a while serving a life sentence. It is my opinion, however, that by reason of the inmate's civil death and consequent incapacity to contract, the marriage of the life-imprisoned inmate is void ab initio. The inmate's status would be similar to that of a person who has entered into a marriage while a spouse by a former marriage is still living. Such a marriage is void from its inception and it is a nullity even without any declaration by the court (Stein v. Dunne, 119 App. Div. 1 [1st Dept, 1907], affd190 N.Y. 524; McCullen v. McCullen, 162 App. Div. 599 [1st Dept, 1914];Brodlieb v. Brodlieb, 32 Misc.2d 347 [Supreme Ct, Nassau County, Sept, 1961]).