*472 OPINION OF THE COURT
Joseph Goldstein, J.
This is an action to recover the value of legal services provided to plaintiff’s client in connection with support proceedings wherein defendant was the named respondent. This matter appears before this court upon the following stipulated facts.
On May 19, 1969, the defendant and his former wife entered into a separation agreement which provided for the support of the parties’ children. By Mexican decree dated May 31, 1969, the defendant and his former wife were divorced. Said decree incorporated the afore-mentioned separation agreement.
On January 21, 1977, defendant’s former wife commenced a proceeding in the Family Court, Nassau County, seeking an increase in child support payments on behalf of the defendant’s children, David and Debra.
By order of the Family Court, an increase in support payments on behalf of the child, Debra Barclay, was directed and denied relief to David Barclay, suggesting that he would have to bring a proceeding on his own against his father since he had attained the age of 18 years.
The plaintiff was retained to represent David Barclay in connection with a petition for support under article 4 of the Family Court Act. Thereafter, the Honorable Edwin Loewy, Judge of the Family Court, Nassau County, rendered a decision granting David Barclay an order of support in which he was awarded $30 per week in support. The aforesaid order denied plaintiff counsel fees in connection with the Family Court proceeding on the ground that the court had no authority to grant said fees. The court held "[T]he petitioner [David] is attending * * * college on a full-time basis and is not an emancipated child and * * * the mother * * * is employed [but] * * * her income is insufficient to meet the needs of herself, her daughter and * * * son * * * she is not in a financial position to provide support or any portion of the support required by her son.”
Plaintiff then commenced this action seeking counsel fees from the defendant based upon the fact that the legal services rendered to the son were necessaries for which the father was liable.
It has long since been considered by the courts of this State that necessaries are not limited to food, clothing, habitation, *473 and education, but include, among other things, the right to counsel. (Matter of Kern v Kern, 65 Misc 2d 765.) Legal services rendered to a wife or minor child are, as a matter of law, necessaries for which a father may be held liable. (Cohen v Kosch, 196 Misc 1057.) Family Court opinions have taken the view that legal services rendered to a mother in a child support case are necessaries for the children for which a father is liable. (Matter of Winston v Winston, 84 Misc 2d 60; Matter of Kern v Kern, supra.)
Furthermore, it has been held that legal services rendered on behalf of children in an action brought to secure support from their father in excess of that provided pursuant to a foreign decree of divorce constitute necessaries for which the father is liable. (Gutterman v Langerman, 2 AD2d 63.)
By virtue of his having attained the age of 18 years old, plaintiff’s client was compelled to commence his own support proceeding.
As he was no longer a minor within the meaning of section 2 of the Domestic Relations Law, David Barclay was precluded from a remedy against his father under the support proceeding brought by his mother. Yet, as a legal dependent, for whose support and maintenance defendant is liable (Domestic Relations Law, § 32, subd 2; § 33, subd 4), having been compelled to initiate proceedings against his father, defendant’s son has been placed in a position of uncertainty as to responsibility for payment of the claim of attorney’s fees.
In the defendant’s view the "noninfancy” (David being older than 18 years) of the child relieves the father of liability to persons who have supplied necessaries such as legal services. Defendant contends that as the child was not an infant during the support proceedings the Kern and Winston decisions (supra) are inapplicable insofar as they hold a father liable for legal services.
Upon examination of the afore-mentioned cases, this court does not concur with defendant’s reasoning. While one attains majority at the age of 18 (Domestic Relations Law, § 2), a father is nevertheless obliged to support a child under 21. (Domestic Relations Law, § 32, subd 2; § 33, subd 4; Family Ct Act, § 413; Social Services Law, § 101.) Since the obligation includes liability for necessaries, the present action for legal fees is proper.
Although the Kern and Winston decisions (supra) dealt with infants under 18, these cases are germane insofar as they hold *474 that legal services rendered in connection with court proceedings are necessaries. This conclusion is equally valid in cases of proceedings, as herein, brought by noninfant dependents. The confusion occasioned by the reduction of the age of majority by an amendment of the Domestic Relations Law ought not alter the characterization of these services as necessaries.
A divorced father’s responsibility to support a child until age of majority has been held not to be terminated by a subsequent statute reducing the age of majority from 21 to 18 years. The court declared that the separation agreement continue in full force and effect in this regard observing that statutory enactments generally operate prospectively unless there is a clear legislative intent to make them act retrospectively. The court referred to section 8 of chapter 920 of the Laws of 1974, which amended section 2 of the Domestic Relations Law which provides that it "shall not be construed to alter, change, affect, impair or defeat any rights, obligations or interests heretofore accrued, incurred or conferred prior to the effective date of this act.” (Kinney v Kinney, 48 AD2d 1002.)
It should be noted that the parties stipulated that "the plaintiff’s client, David Barclay, filed a petition for support in the Family Court, Nassau County, under Article 4 of the Family Court Act, in which the defendant herein was named as a respondent.” It appears therefore that the reasoning of the Winston case (supra) remains applicable inasmuch as we find the following statement (84 Mise 2d, at p 62): "The cost of providing legal services for a child under article 4 is a necessary for which a father is primarily liable.” Though David may not be deemed a "child” for many purposes, in view of his status as a dependent the defendant’s liability for necessaries is apparent.
It has been held that a child support proceeding is of legal interest only to the children who are without means to pay counsel. (Gordon v Lipshie, 13 NY2d 775.) In that case the court recognized that the award of counsel fees is authorized in petitions for child support by a divorced wife and indicated that the proceeding is to be viewed as benefiting the child. It further concluded that a counsel fee is awarded for the sake of the child. It would appear anomalous if such fees could be awarded to the child whose action is maintained by the custodian mother (Domestic Relations Law, § 237, subd [b]; *475 Family Ct Act, § 438), but the child compelled to maintain his own action could not recover counsel fees.
The duty to support and maintain a child is recognized as resting upon both parents. (Domestic Relations Law, § 81; Family Ct Act, § 414.) As part of that duty it is their obligation to provide necessaries; a parent who has that duty is liable to persons who supply necessaries such as legal services. (Errico v Manville, 59 Misc 2d 549.) As a court may apportion the costs of support between the parents according to their respective means (Family Ct Act, § 414) the mother’s liability for the portion of counsel fees has been placed in issue.
In a support proceeding by a former wife, brought for her children, the court may require the father to pay counsel fees. (Family Ct Act, § 438.) Since the award of fees in a support proceeding is an exception to the usual rule that the parties pay their own counsel, the exception is justifiable only if the ex-wife’s are insufficient. The Family Court has held that neither the mother nor child, David, has sufficient funds to meet the child’s needs, and this court will not disturb that finding.
The unemancipated child without means who has been provided with necessaries may reasonably look to his father to bear the full responsibility for the costs thereof without regard to the fact that free legal services may be available to indigents. Counsel for defendant has provided this court with no authority for his contention that paid legal services are not necessaries by virtue of the possible availability of such services from the Legal Aid Society, and this court seriously questions whether the mere potentiality of legal services from some other source changes the character of such services, rather the contrary would appear to be an appropriate interpretation of the reason for extending "free legal services.”
The courts have long since placed upon the legal profession a moral duty to provide "counsel” to a person who is indigent where to deprive that person of legal counsel would be tantamount to depriving the indigent of a legal right. (See Governor’s Message to the Legislature, L 1965, ch 878, 1965 Legis Ann, p 524; Canons of Professional Responsibility, EC 2-25.) Certainly if such a moral obligation rests upon the legal profession the offer of such services to an indigent must under every view be considered "a necessary,” rather than the contrary. (Gideon v Wainwright, 372 US 335.)
The legal profession in this State has for years long past *476 offered these services "pro bono publicoboth in civil and criminal cases. The number of lawyers who have served as "law guardians” or as counsel to children in the Family Courts and the criminal courts of our State are so numerous that they can be counted no more easily than the biblical "stars of heavens,” but to state that the dispensing of such services to the child relieves the parent of the obligation to pay for the reasonable value of same is in this court’s opinion without merit. There is no evidence before the court other than the mere assertion that the Legal Aid Society exists to provide law services to indigents that the society would in fact have become involved in tbis type of proceeding or that the defendant’s son is an appropriate candidate to receive such services.
The parties have stipulated that the following legal services have been rendered by plaintiff on behalf of his client, David J. Barclay, in connection with the Family Court proceedings which forms the basis of the instant litigation:
(a) Preparation for hearing, compilation and review of financial matter, research of law and preparation of papers submitted in connection with defendant’s attorney’s motion to dismiss the Family Court proceeding, review of correspondence and dictation of correspondence to Judge Dempsey, review of transcript of Family Court decision, attendance to the service of a copy of the Family Court order with notice of entry seven hours.
(b) Four appearances in Family Court, Nassau County, including two and one-half days on trial before Honorable Edwin J. Loewy.
The plaintiff contends that the fair and reasonable value of the above services performed on behalf of his client is in the amount of $1,000.
Counsel for the defendant’s son has successfully represented his client’s interest, and though this court under other circumstances might evaluate the economic remuneration deserved by plaintiff herein at a sum greater than that sought by the plaintiff in this action, the court is limited to granting judgment to the plaintiff against the defendant in the sum of $1,000 plus costs.