Isidob Wassebvogel,
Spec. Eef. Plaintiff seeks a separation on the ground of abandonment and alimony at the rate of $40,000 per annum.
There is no dispute between the parties as to the fact that defendant left plaintiff and their marital abode under circumstances which require the court to grant plaintiff a judicial decree of separation. The principal issue to be resolved here, therefore, is the amount of alimony to be awarded for plaintiff’s support and for the support and maintenance of the two infant issue of the marriage.
Plaintiff and defendant are attorneys and have been married for more than 20 years. They have two sons, ages 19 and 11, who attend an out-of-town college and private school, respectively. The credible proof and documentary evidence show that for the past five years, defendant’s gross income from his practice of law averaged approximately $43,000 per year, with a low of $34,000 and a high of $52,000. In 1959, this income amounted to $41,000. In addition to his earning potential, the record establishes that defendant has marketable securities valued at $7,800 and other assets totaling approximately $11,000 more. The proof also indicates that certain of defendant’s expenses, incurred as a result of his practice of law, are paid by the partnership of which he is a member.
Plaintiff testified that she and her husband were accustomed to living on a scale which cost them approximately $45,000 per year. In the opinion of the court, the credible evidence fails to prove that the parties here involved maintained the grandiose *940 manner of living which plaintiff sought to establish upon the trial. In any event, the former standard of living of parties involved in a matrimonial action, which standard in this case obviously was maintained by them only by their expenditure of practically all of defendant’s capital reserve, by the exhaustion of his borrowing possibilities and by dint of their sacrifice of any opportunity to save any moneys is not binding upon the court as a measure of support to which plaintiff is now entitled. In fixing alimony, it is incumbent upon the court to consider, among other things, the wife’s independent resources, the needs of both parties, their respective tax burdens and other financial obligations, and then to make a realistic attempt to balance the wife’s needs and her independent means, if any, with the husband’s ability to pay (Phillips v. Phillips, 1 A D 2d 393, 396, affd. 2 N Y 2d 742; Rosen v. Rosen, 18 Misc 2d 257, 259).
The credible testimony and documentary evidence show that in addition to plaintiff having an undetermined but valuable earning capacity as a member of the Bar of this State, she owns securities valued at almost $15,000, $2,500 worth of stock in a mutual fund, life insurance having a loan value of $2,000, additional securities valued at $13,000 in a joint account with her mother, and bank accounts in excess of $2,400. Furthermore, in 1959, she sold and reinvested part of the proceeds from the sale of securities which were then valued at $23,000. She also owns a building at 18 West 30th Street, New York City, assessed at $35,000, which has a gross rental income of approximately $11,000 per annum.
In the light of these independent assets, the court must appraise plaintiff’s present needs as well as consider the needs and expenses of defendant. Included therein, as above noted, is the tax burden which each of the parties will be compelled to assume when living separate and apart as a result of the decree to be entered herein. Undoubtedly, this burden will rest most heavily upon defendant, who for the past five years (1955-1959, inclusive) has paid an average yearly Federal and State income tax of approximately $17,000, based upon joint returns with plaintiff.
The largest single item of personal expense which plaintiff contends she needs each year is an amount in excess of $3,000 for clothing (including a new fur coat every five years; five suits per year; ten dresses; nine pairs of shoes; “ at least” three handbags at $35 per bag; $50 for gloves; six hats). In addition thereto, plaintiff claims she needs almost $800 a year for hair *941 dressers and cosmetics, $400 a year for ‘ ‘ skating, theatres, swimming, and other diversions ’ ’ and $2,000 for both Spring and Summer vacations. In my opinion, plaintiff’s testimony with respect to her alleged “ needs ” and memoranda submitted by her counsel to the court after trial wherein these purported “ expenses ” are more fully set forth, grossly exaggerate and inflate the standard of living previously enjoyed by the parties and the true needs of plaintiff which will be sufficient to maintain herself in a proper manner. Although one of the elements in determining a proper amount to be awarded as alimony to a wife may be the standard of living maintained by the parties prior to their separation, as plaintiff contends, this criterion, as above mentioned, is not the sole or binding factor which the court must consider. A man cannot pay more than he has or more than he can earn, nor can he be expected or compelled to beg, borrow or steal in order to preserve a past artificial scale of living which is now not within his means or ability to sustain.
The court must also take into consideration the fact that it is necessary for defendant, personally, to expend substantial sums of money to maintain his professional status as an attorney and for his own living expenses. The record indicates that defendant, as of today, has borrowed more than he actually owns and is dependent solely upon his professional ability to support plaintiff, their children and himself. If the past is any precedent, as urged by plaintiff, the documentary evidence discloses that, based upon joint income tax returns filed by plaintiff and defendant, defendant’s net income after taxes in the past five years has averaged $23,000 per annum. Nothing in the record warrants the conclusion that this amount will be substantially greater in the foreseeable future.
Giving due consideration to all of the foregoing, alimony for the support of plaintiff is fixed in the sum of $1,000 per month. In addition thereto, defendant is to pay $3,400 per annum for the support, education and maintenance of his older son who now attends Brown University and $2,500 per annum for the support, education and maintenance of his younger son. Defendant may continue the present arrangement whereby he sends directly to his older son the funds necessary to pay his college bills (tuition, meals and lodging) and a monthly allowance of $100. Defendant is required also to continue to maintain any and all medical-health insurance which he now carries for the benefit of his wife and children and will pay all medical and dental bills incurred on behalf of his sons. Likewise, in addition to the afore-mentioned $3,400, defendant will pay icé *942 the necessary clothing of his older son, not to exceed the sum of $350 per year. Custody of the children is awarded to plaintiff with full visitation rights to defendant.
Judgment is rendered in favor of plaintiff in accordance with the foregoing. No costs are awarded.
Submit decree on or before December 15, 1960, on two days’ notice.
The above constitutes the decision of the court as required by the applicable provisions of the Civil Practice Act.