## (June 15, 1961)

■ REINA CANTO DE GOMEZ-MENA, Also Known as REINERI CANTO RAVELO, Respondent, v. JACQUES COE et al., Doing Business under the Name of JACQUES COE & Co., Appellants.— Order and judgment affirmed, with costs to respondent. Concur — Valente, J. P., McNally, Stevens and Eager, JJ.; Steuer, J., dissents and votes to reverse and deny summary judgment on the ground that there are triable issues of fact. No opinion.

■ FREDA JOEL, Respondent, v. RICHARD W. BARON, Appellant.— Order entered on February 10, 1961, denying defendant's motion for summary judgment dismissing the complaint and granting plaintiff's motion for an order enjoining the defendant from voting his shares of capital stock of Dial Press, Inc., in favor of increasing the capitalization of said corporation, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Breitel, Rabin, Stevens and Eager, JJ.

■ JOSEPH W. LITTMAN, Appellant, v. HARRY GROSSMAN et al., Doing Business as GROSSMAN & GROSSMAN, Respondents.— Order entered on October 6, 1960, which dismissed the complaint on the ground that it did not state a cause of action, unanimously affirmed with leave to plaintiff to serve an amended complaint within 10 days after service of a copy of the order herein with notice of entry and payment of $20 costs and disbursements to the respondents. Concur — Breitel, J. P., Valente, McNally, Stevens and Steuer, JJ.

■ In the Matter of CHAR SOL SEAFOOD HOUSE, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination confirmed and the petition dismissed, with $20 costs and disbursements to respondent. Concur — Valente, McNally and Steuer, JJ.; Breitel, J. P., and Stevens, J., dissent and vote to annul on the ground that there was no substantial evidence to sustain the determination. No opinion.

■ MARIE F. WINKLER, Appellant, v. FREDERICK E. WINKLER, Respondent.— Judgment of separation in favor of plaintiff wife affirmed in all respects, without costs to either party. The amount awarded as support for the wife is adequate as measured by the standard of living of the parties prior to the separation, and as conditioned by the present needs of the two sons. Should the sons require little or no support in the future, and assuming that the other relevant factors remain unchanged, the wife may apply for additional support. A court, realistically, may take notice of the fact that at certain levels the parents of children attending college and graduate school forego, to some extent, otherwise desired financial benefits from their own resources in favor of their children's education. When these exigencies subside it is equally common for the standard of the parents to rise to a higher level. The record in this case satisfies such an analysis. Hence, it may be that the wife should be permitted to apply for an increase in her support level commensurate with the funds then available for the support of both the husband and the wife, subject, of course, to other relevant standards and limitations (cf. *Phillips* v. *Phillips,* 1 A D 2d 393, 397–398, affd. 2 N Y 2d 742; *Hunter* v. *Hunter,* 10 A D 2d 291, 295). Concur — Breitel, J. P., Valente and Stevens, JJ.; McNally and Steuer, JJ., dissent in the following memorandum: We dissent and vote to modify the judgment of separation by increasing permanent alimony for the support and maintenance of the plaintiff to the sum of $1,500 per month. On this record we believe the award of permanent alimony was inadequate. [25 Misc 2d 938.]