Bernard S. Meter, J.
In this separation action, the court finds that plaintiff has failed to prove that she is entitled to a separation. Her complaint alleges cruelty and nonsupport. The proof shows that plaintiff was supported until she voluntarily removed from the marital residence to her parents’ home. The claim of cruelty is based on the attitude of defendant’s mother toward plaintiff and on defendant’s failure to control his mother or move elsewhere, the messy and crowded condition of the house and certain physical acts. The plaintiff admitted that at various times she spat on defendant, that since December, 1963 she has refused to have sexual relations with him and has told him to go and get another woman, that prior to the incident in which defendant held her head under the bathtub faucet she had thrown a pot of water on him and that prior to the incident in which he tied her hands and feet, he had sought to make love to her and she had repulsed him, slapping and kicking him. Such physical acts as defendant committed were, thus, provoked. The problems arising out of plaintiff’s relations with her mother-in-law and the condition of the house do not constitute cruelty warranting a separation. So far as it seeks a separation, the complaint is, therefore, dismissed.
The children are now three and four and one-half years of age. Defendant asks custody but makes no showing that he could properly care for children of that age and has not shown plaintiff to be in any way unfit to care for them. Custody is awarded plaintiff and she is granted for their support the sum of $35 per week, payable on Friday of each week commencing June 25,1965. Visitation will be provided for in the judgment at such times as the parties agree, or, if they cannot agree, as the court will fix.
As concerns counsel fee, defendant is in error in urging that plaintiff’s lack of success bars an award. Section 237 of the Domestic Relations Law authorizes the court to ‘ ‘ direct the husband * * # to pay such sum * * * as, in the court’s discretion, justice requires, having regard to the circumstances of the case and of the respective parties.” “ The criterion for the making of a counsel fee award is the same as that for awarding alimony ” (1963 Report, Joint Legis. Comm. on Matrimonial and Family Laws; N. Y. Legis. Doc., 1963, No. 34, p. 88). With respect to the award of alimony, the report (pp. 85-86) states: “ The phrase ‘ as justice may require ’ means ‘ that there are no “ as matter of law ” requirements one way or the other as to those matters which are to be dealt with in the discretion of the court, on all the facts,’ Vanderbilt v. Vanderbilt, 1 N Y 2d 342, aff’d 354 U. S. 416. In exercising its discretion, the court will consider the circumstances of the case (why the parties are in *860 court) * * * its power is not limited to cases where the wife is the innocent party * * * In exercising its discretion the court will also consider the circumstances of the parties (their respective requirements and abilities)
In the instant case in view of the physical acts involved, the bringing of the action was not wholly unjustified. Two motions made by defendant for change of venue and for a stay were unnecessary in view of the provisions of CPLR 503. So far as the record shows, plaintiff is without funds, while defendant earns $10,275 a year and owns securities worth approximately $24,000 against which he owes $10,600 on margin. Defendant is indebted to the extent of several thousand dollars and has voluntarily increased his retirement deduction, with the result that his current take-home pay is slightly in excess of $80 per week. While the time spent by plaintiff’s attorneys and their standing at the Bar would warrant a substantially higher award, the court concludes, considering all of the circumstances, that counsel fee of $750 should be awarded. The judgment shall provide that that fee be paid within 20 days after service of a copy of the judgment with notice of entry. Settle judgment on notice.