M. Michael Potokeb, J.
This is a proceeding commenced by petitioner for an upward modification of the support provisions of an Alabama divorce decree from $100 a month to $260 a month. The action was initiated pursuant to subdivision (c) of section 466 of the Family Court Act.
The facts are undisputed. On January 2,1951, petitioner and respondent entered into a separation agreement providing inter alia that respondent shall pay to petitioner the sum of $100 a month for her support during her lifetime, or until she shall remarry and that the agreement shall be incorporated in, but not merged with, any divorce decree. Petitioner was subsequently granted a divorce in the State of Alabama on the ground of the adultery of respondent. The terms of the separation agreement were incorporated by reference but not merged with *87 the divorce decree. The respondent has to the present time observed and complied with the terms and conditions of the said decree and separation agreement.
Paragraph 5 of the instant petition reads as follows:
“ 5. That since the entry of said decree (order) there has been a change of circumstances in that “ (a) The petitioner’s living expenses are greater,
“ (b) The petitioner’s medical expenses have increased,
“(c) The cost of living has increased,
“(d) The respondent’s income has increased.”
Respondent resists this proceeding and moves for dismissal without a hearing on the following grounds: (1) The Family Court does not have jurisdiction of the subject matter of the instant proceeding because it involves an out-of-State divorce decree granted to petitioner on the ground of the adultery of the respondent; that this proceeding therefore is not a new class of action since the Supreme Court of the State of New York had jurisdiction to modify such out-of-State divorce decrees prior to the enactment of subdivision (c) of section 466 of the Family Court Act effective September 1,1965 (Domestic Relations Law, §§ 243, 245); and therefore the jurisdiction which the Legislature attempted to confer upon the Family Court under subdivision (c) of section 466 of the Family Court Act was not constitutional because it did not create a ‘ ‘ new class of action and proceeding ” as required by article VI (§7, subd. c) of the Constitution of the State of New York.
In brief, respondent contends that subdivision (c) of section 466 of the Family Court Act grants jurisdiction to the Family Court to entertain proceedings seeking enforcement of out-of-State divorce decrees and modification of such decrees provided said divorce decrees were granted for reasons other than adultery, the only ground recognized in this State prior to September 1, 1967, the effective date of the new divorce law.
Respondent insists that Matter of Seitz v. Drogheo (21 N Y 2d 181) upheld the jurisdiction of the Family Court only as to divorce decrees granted for reasons other than those recognized by this State.
This court takes issue with respondent’s contention, reasoning and interpretation. In Matter of Seitz v. Drogheo (supra) the Court of Appeals significantly and specifically directed its attention to all matters that in its opinion constitute “ new classes of actions and proceedings.” Judge Keating on behalf of the majority stated as follows (p. 185): “The ‘new classes of actions and proceedings ’ as to which the Legislature is permitted to confer jurisdiction in other courts, concurrently with *88 Supreme Court, are those which the Supreme Court — absent the statutory authorization — would be without jurisdiction to entertain — ■ actions and proceedings which were unknown at common law. (Thrasher v. United States Liab. Ins. Co., 19 N Y 2d 159; Langerman v. Langerman, 303 N. Y. 465; Matter of Steinway, 159 N. Y. 250, 255-258.)
‘ ‘ At common law the courts of this State had no jurisdiction over matrimonial matters and, hence the power of the Supreme Court over such matters is derived solely by virtue of statutory grants of authority. (Langerman v. Langerman, 303 N. Y. 465, 470, supra.) * * *
“ Subdivision (c) of section 466 of the Family Court Act empowered the Family Court to entertain applications to enforce and modify the alimony and support provisions of foreign decrees irrespective of the grounds upon which the decrees were granted.” (Italics supplied.)
If the Court of Appeals in Matter of Seitz v. Drogheo (supra) left any doubt as to the jurisdiction granted to the Family Court by the Legislature under subdivision (c) of section 466 of the Family Court Act it reiterated and re-emphasized its opinion unequivocally in Kagen v. Kagen (21 N Y 2d 532, 536-537) where it stated as follows: “ In our recent decision, Matter of Seitz v. Drogheo (21 N Y 2d 181, 185-186), we determined that the right to commence any proceeding not recognized at common law should be considered new action or proceeding for jurisdictional purposes under section 7 of article VI of the Constitution.” (Italics supplied.)
The key words ‘ ‘ irrespective of the grounds upon which the decrees were granted ” as used in Seitz and (i any proceeding not recognized at common law ” as used in Kagen leave no doubt whatsoever as to the interpretation placed upon subdivision (c) of section 466 of the Family Court Act by the Court of Appeals in upholding its constitutionality.
To repeat, the right to commence any proceeding not recognized at common law is considered a new action or proceeding for jurisdictional purposes under section 7 of article VI of the Constitution of the State of New York. Since matrimonial actions including those involving divorce were not recognized at common law and owe their existence to statutory enactment they are ipso facto new actions or proceedings and under subdivision c of section 7 of article VI of the State Constitution the State Legislature had the authority to confer upon the Family Court the powers contained in subdivision (c) of section 466.
Respondent’s motion is thus not well grounded and is hereby denied.
*89 (2) Respondent also seeks dismissal of the proceeding because petitioner failed to allege in her petition, that she is in actual danger of becoming a public charge, an allegation that he claims is made mandatory under McMains v. McMains (15 N Y 2d 283).
Relying on that case, respondent concludes that ‘ ‘ For the petitioner to succeed in these proceedings, she must allege in her petition and prove that she has no other means of income and support, that she is in actual danger of becoming a public charge, as well as that the income of the respondent has increased sufficiently to warrant the granting of the petitioner’s application.”
Respondent’s contention is entirely without merit. McMains v. McMains (supra) does not so hold nor is there any other valid authority supporting respondent’s position. Assuming arguendo that such allegation is made by petitioner in her petition it would at best be merely an allegation of fact or opinion which the court would be required to pass upon after, and not prior to, a hearing.
This court fully subscribes to the decision of the Court of Appeals in McMains v. McMains (supra, pp. 284-285) to wit: “We hold that a separation agreement valid and adequate when made and which contains a nonmerger agreement continues to bind the parties when its terms as to support have been written into a subsequent divorce judgment but that this does not prevent a later modification increasing the alimony when it appears not merely that the former wife wants or by some standards should have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge (Fox v. Fox, 263 N. Y. 68, 70; Karlin v. Karlin, 280 N. Y. 32; Kyff v. Kyff, 286 N. Y. 71; Jackson v. Jackson, 290 N. Y. 512; Lynn v. Lynn, 302 N. Y. 193, 204; Hettich v. Hettich, 304 N. Y. 8, 14; Kunker v. Kunker, 230 App. Div. 641; Meyer v. Meyer, 5 A D 2d 655).”
However, the application of the McMains rule can only be made following a hearing on the merits and not because of an alleged defective petition at the commencement of the proceeding. Petitioner’s allegations, if supported by the necessary evidence at a hearing, may very well prove that unless she is awarded an increase in her alimony she may be in danger of becoming a public charge. As a matter of fact, the Court of Appeals in reversing the Appellate Division in the McMains case remanded the matter to the Appellate Division to set such a figure “ as justice may require ”, taking into account, as all alimony determinations must, all relevant factors including the circumstances of both parties (Phillips v. Phillips, 1 A D 2d 393, affd. 2 N Y 2d 742; Winkler v. Winkler, 13 AD 2d 924, affd. 11 N Y *90 2d 693). A wife is not entitled to a share of her husband’s income as such nor is there a right to escalation as the husband prospers but she must have minimum support.”
(3) Nor does petitioner’s failure to specifically plead that she is or is likely to become a public charge render her petition insufficient as a matter of law.
CPLB 3026 reads as follows: 11 Pleadings shall be liberally construed. Defects shall be ignored if a substantial right of a party is not prejudiced.”
“ At common law all pleadings were construed against the pleader upon the theory that he would state the case in its most favorable aspect to himself. (See Clark, Code Pleading, § 55 [2d ed., 1947].) With the advent of the codes, the pattern of construction was reversed. The first sentence of CPLR 3026 states the now virtually universally accepted proposition that pleadings shall be liberally construed. This statement of policy has been a part of New York law for a long time (see Civ. Prac. Act, § 275; Code Civ. Pro., § 519; Code Pro., § 159; cf. Fed. Rules Civ. Pro., rule 8, subd. [f]).. Indeed, section 136 of the Code of Procedure of 1848 states: “ In the construction of a pleading, for the purpose of determining its effect, its allegation shall be liberally construed, with a view to substantial justice between the parties.” (3 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3026.04).
Lawsuits should be determined on their merits and according to the dictates of justice, not on the existence or nonexistence of artfully drawn sentences in paper pleadings (Maty v. Grasselli Co., 303 U. S. 197, 200 [1938]; Condon v. Associated Hosp. Serv., 287 N. Y. 411), unless a substantial right of a party is prejudiced (Severino v. Salisbury Point Co-ops., 21 A D 2d 813; Lane v. Mercury Record Corp., 21 A D 2d 602).
Bespondent has failed to meet his burden of showing that any substantial right of his would, to any extent or in any manner, be prejudiced by petitioner’s omission to allege that her petition is predicated on the fact that she is a public charge or is in actual danger of becoming one.
(4) Nor is there any question of lack of due process involved since respondent, at the hearing, may challenge petitioner’s claim because it fails to meet the standards required by McMains v. McMains (supra).
Accordingly, and for the reasons cited above, respondent’s motion to dismiss the proceeding is denied on all grounds. The case is placed on the Central Trial Term calendar for hearing on July 11, 1968.