■ HARRY APKARIAN, Appellant, v. MARIE APKARIAN, Respondent.— Appeal from an order of the Supreme Court, Albany County, increasing respondent's support by $150 per month and awarding her attorney counsel fees in the sum of $1,250. In 1966 the marriage between respondent and appellant was terminated by an annulment. The order of annulment incorporated by reference a previously signed separation agreement pursuant to which, among other provisions, respondent was to receive support from appellant in the amount of $600 per month. In January, 1970 respondent commenced the instant action seeking to modify the separation agreement to increase her support. The trial court found that respondent demonstrated "real need, taking into account all relevant factors including the circumstances of both parties" and, accordingly, granted her an additional sum of $150 per month for support. In addition the court allowed respondent $1,250 in counsel fees. The present appeal thereafter ensued. In *McMains* v. *McMains* (15 N Y 2d 283) the Court of Appeals states at one point that the modification of a nonmerged separation agreement to increase a wife's support is permissible only where "she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge", (15 N Y 2d 285), at another point "in the event of real, dire need" (15 N Y 2d 286), and at still another point to provide what is necessary for "her basic requirements" (15 N Y 2d 289). Whichever of these is the actual test to be applied, it is not met on the instant record. Accordingly, the award of additional support is not warranted. *Matter of Aranow* v. *Aranow* (57 Misc 2d 86) relied on by respondent is not apposite; that case holding only that the wife need not allege in her petition that she is in danger of becoming a public charge. She must, however, meet the *McMains* test at the factual hearing. We cannot, however, agree with appellant that the award of counsel fees is not permissible. Appellant's construction of subdivision (b) of section 237 of the Domestic Relations Law is too limited. Subdivision (b) of section 237 was clearly designed to allow counsel fees in the various proceedings which may arise after final judgment to modify prior alimony awards, custody awards or awards for child support, recognizing that such proceedings may be necessary and are expensive. Since the instant proceeding is definitely maintainable, albeit not successful here from respondent's standpoint, counsel fees are, therefore, permitted in the Trial Judge's discretion. However, in our view, the award of

counsel fees was excessive and should be reduced to the sum of $600. Order modified, on the law and the facts, by striking the allowance of an increase in respondent's monthly support and by reducing the amount of counsel fees to $600, and, as so modified, affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur.