Irene Gardner, Respondent, *v.* Roswell F. Gardner, Appellant.

Fourth Department, December 12, 1972.

*Benjamin Franklin* for appellant.

*Leonard F. Walentynowicz* for respondent.

DEL VECCHIO, J. P.   Petitioner, former wife of respondent, filed a petition in Family Court for modification of the alimony provisions of a Mexican judgment of divorce on the ground that there had been a change of circumstances.

The parties were married in 1940.   The 1965 decree of divorce incorporated by reference a nonmerger separation agreement which provided, among other things, that respondent pay petitioner $69 per week.   The petition alleges that since the entry of the divorce decree there had been a change of circumstances in that the cost of living had increased, the needs of petitioner had increased and respondent's earnings had increased.   These allegations were sufficient under section 466 (subd. [c], par. [ii]) of the Family Court Act to warrant a hearing to determine whether modification was required, even though the petition contained no allegation that petitioner was in danger of becoming a public charge.   (*McMains* v. *McMains,* 15 N Y 2d 283; *Matter of Aranow* v. *Aranow,* 57 Misc 2d 86.)

At the hearing petitioner testified that after the decree she was employed for four and a half years but now she is unable to work because of illness, had undergone two operations, has substantial debts, and is having difficulty living on the support provided by her former husband.   On cross-examination she testified that she had not applied for welfare and did not know whether it was necessary to apply for welfare at that time.   The court found that $69 per week was not sufficient to meet her basic necessities and increased the weekly payment to $79 but made no finding that she was in actual danger of becoming a public charge. It also awarded counsel fees.

Respondent argues that Family Court had no jurisdiction over this proceeding, therefore it could not increase the support payments or award counsel fees. We disagree.

In view of the existing valid separation agreement, adequate when made and not merged into the subsequent divorce decree, Family Court should not have increased the amount payable to the wife for support, in the absence of proof that she " is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge " (*McMains* v. *McMains, supra,* p. 285). In reaching this conclusion we do not determine that Family Court lacked jurisdiction in this proceeding, but merely that upon the proof it was error to increase the weekly payments. Section 466 (subd. [c], par. [ii]) of the Family Court Act, under which this proceeding was instituted, provided the court with jurisdiction to " entertain an application to modify " the Mexican decree where " there has been a subsequent change of circumstances " and " modification is required ". However, although it had jurisdiction, we are constrained by the language of *McMains* to hold that, when a valid separation agreement was in effect, Family Court could not find a " change of circumstances " and a requirement for modification without a showing that petitioner was unable to support herself on the amount allowed and was in actual danger of becoming a public charge.

The dissent holds that, because of the separation agreement, Family Court was precluded from allowing counsel fees to petitioner. However, cases cited by the dissenting Justice were decided without reference to section 438 of the Family Court Act which confers wide discretion on the court to award counsel fees to a wife or former wife " in any proceeding " under article 4. It may be noted that an award is not conditioned on success in the litigation (see discussion in *Matter of Harvey* v. *Harvey,* 62 Misc 2d 246; also *Becker* v. *Becker,* 46 Misc 2d 858).

In the present case, we do not believe Family Court abused its discretion in making an allowance for attorney's fees, even though we have concluded that petitioner's proof did not establish grounds for the modification of the Mexican decree which she sought (see *Apkarian* v. *Apkarian,* 39 A D 2d 609). The court found that the allegations contained in the petition were true and the record amply supports the conclusion that $69 per week is not sufficient to meet the basic necessities required by petitioner. In these circumstances, a logical avenue of relief for petitioner was an application for increased support payments, which required legal counsel for which she had no funds. The

fact that counsel's efforts — which succeeded at the trial level — are now being rendered ineffectual, should not deprive him of his fees. Viewing petitioner's financial situation, and having regard for the disposition made in *McMains* v. *McMains* (*supra*) by which the Court of Appeals gave strong indication that an upward modification of support might be warranted on the facts (15 N Y 2d 283, 288, *supra*), despite the firm language of the opinion requiring imminent resort to public welfare funds, counsel for petitioner in the present case may well have felt that an application for modification was appropriate. Indeed, Family Court itself, fully aware of the *McMains* decision, was satisfied that an increase could and should be granted. For these reasons, we should not disturb the discretionary award of counsel fees.

The order should be modified to strike out the provision increasing weekly support payments from $69 to $79 and, as modified should be affirmed without costs. Respondent should be permitted to deduct from the future payments made pursuant to the separation agreement the sum of $5 per week until such time as he has been reimbursed for all payments in excess of $69 per week made by him since the order of June 8, 1972 was entered.

WITMER, J. (dissenting). I concur in the reversal of the order of Family Court insofar as it increased the support payments provided for the petitioner in the separation agreement. I dissent, however, from the affirmance of that part of the order granting an allowance of counsel fees to the petitioner.

The Mexican divorce decree, entered August 10, 1965, made no provision for payment of alimony to the plaintiff (petitioner herein) except by reference to the separation agreement between the parties. The agreement provided that defendant pay to petitioner the sum of $4,000, maintain unencumbered a $10,000 life insurance policy on his life, payable to plaintiff on his death, and pay the plaintiff the sum of $69 per week until the death of one of them. With respect to that agreement the decree provided, " [It] is incorporated by reference in this decree, as if fully set forth herein, surviving the same in all its legal force and effect, without merging herein."

In May, 1971 petitioner petitioned the Family Court in Erie County for modification of the divorce decree upon the ground that the cost of living had risen, defendant's earnings had increased and petitioner's needs had increased. Family Court determined that under section 466 (subd. [c], par. [ii]), it had authority to modify the Mexican decree herein, although the petition contained no allegation that petitioner was in danger of

becoming a public charge; and the court increased the weekly payments for petitioner's support in the sum of $10 per week and awarded to her $350 for counsel fees.

Because of the existence of the separation agreement and the lack of allegation that petitioner was in danger of becoming a public charge, we are reversing that order, holding that by reason of the separation agreement petitioner has no right to increased support payments. Nevertheless, the majority are holding that it was proper for Family Court to award counsel fees to petitioner on this application, and are affirming the order with respect to such allowance.

In my view the questions of increase in support payments and an award of counsel fees must stand or fall together; and the order awarding counsel fees should be reversed in that respect also. I recognize that in a properly instituted support proceeding Family Court has authority to modify support payments and award counsel fees therein (Family Ct. Act, § 438; § 466, subd. [c], par. [ii]). Thus, despite the separation agreement, had petitioner alleged in her petition that she is in danger of becoming a public charge, Family Court unquestionably could have made the order which it did (*McMains* v. *McMains,* 15 N Y 2d 283, 284-285; *Matter of Aranow* v. *Aranow,* 57 Misc 2d 86; and see *Meyer* v. *Meyer,* 5 A D 2d 655). But the petition contains no such allegation; Family Court expressly founded its order on its assumed authority to make it in the absence of such allegation; and on the argument before us her counsel affirmed that the application is not based on the danger of petitioner becoming a public charge.

In this posture of the proceeding, it is akin to an application to modify the support provision in the separation agreement. " It is settled that an action to set aside a separation agreement is not a matrimonial action wherein the Supreme Court is authorized to award counsel fees * * *. Moreover, a valid and subsisting separation agreement is a bar to an application for counsel fees " (*Riemer* v. *Riemer,* 31 A D 2d 482, 487). In *Johnson* v. *Johnson* (206 N. Y. 561, 564) the court said: " In this action, brought by plaintiff against her husband as defendant, the Appellate Division overruling the Special Term has made an allowance for counsel fees to enable the plaintiff to maintain the action "; and the court, in reversing the Appellate Division, continued (p. 566) : " it seems apparent that it [the court] cannot take jurisdiction of the present action as a matrimonial action for the purpose of awarding similar support and counsel fees where the parties have already agreed on a separation ".

In *Schmelzel* v. *Schmelzel* (287 N. Y. 21, 27) the court said: " The parties in making the [separation] agreement contemplated that the separation action would not constitute a violation of the agreement but that a legal decree of separation would not be inconsistent with the terms of the separation agreement. * * * It follows that * * * where it appears that the attempt by the plaintiff to have the separation agreement set aside on the ground of fraud or duress was unsuccessful after a trial in open court and where the court at Special Term has expressly sustained the separation agreement in all particulars, and where defendant is not in default under the agreement nor has he abandoned or acquiesced in any way in the efforts of plaintiff to repudiate the agreement, and no question of inadequacy arises, the separation agreement is in full force and effect and the plaintiff cannot increase the amount of alimony therein provided or receive counsel fees."

In accord with the above authorities, the courts have steadfastly held that in the absence of an allegation that the wife may be in danger of becoming a public charge, until a separation agreement has been set aside no court can modify the contract provisions for support or grant counsel fees in connection with an application therefor (*Galusha* v. *Galusha,* 116 N. Y. 635, 645-646; *Marans* v. *Marans,* 27 A D 2d 735; *Kulok* v. *Kulok,* 20 A D 2d 568; *Seltzer* v. *Seltzer,* 16 A D 2d 836; *Meyer* v. *Meyer,* 5 A D 2d 655, *supra*; *McAvoy* v. *McAvoy,* 272 App. Div. 1100).

In this respect section 438 of the Family Court Act does not operate to increase the court's authority. The question is not so much a matter of jurisdiction as it is one of contract right and established court policy. In light of the authorities, I believe that the majority are taking inconsistent positions in reversing Family Court's order for increased support and yet permitting the award for counsel fees to stand.

This is particularly important in this case, for it appears very probable that petitioner will now renew her application for increased support with the additional allegation that she is in danger of becoming a public charge. Clearly, on such a petition, the court will have authority to grant counsel fees to her for the legal services rendered therein. It seems patent that in these circumstances, even if the court has the right to award counsel fees on the present application, it should decline to do so.

The order of Family Court, therefore, including the provision for counsel fees for petitioner, should be reversed, without prejudice to plaintiff's application for an increase in her support pay-

ments on the ground that she is in danger of becoming a public charge.

Marsh and Cardamone, JJ., concur with Del Vecchio, J. P.; Witmer, J., dissents, in part, in an opinion.

Order modified in accordance with opinion by DelVecchio, J. P., and as modified affirmed, without costs.