■ ROSE SPATARO, Respondent, v JOSEPH SPATARO, Appellant.—The respective attorneys for the parties on this appeal from a judgment of the Supreme Court, Queens County, dated June 13, 1975, have agreed by signed stipulation dated October 10, 1975, after a conference before Mr. Justice Gittleson, that said judgment be modified as follows: (1) the visitation rights on Saturdays granted in the second decretal paragraph of the judgment shall be changed so that each week it shall be on either Saturday or Sunday and from 10:00 A.M. to 9:00 P.M., at the option of the defendant, to be exercised as to each week, provided that the defendant must notify the plaintiff by telephone three days in advance of the selected day; (2) the provision in the third decretal paragraph of the judgment, directing defendant to pay plaintiff $40 per week alimony, shall be deleted; and (3) the provision in the fourth decretal paragraph of the judgment, directing defendant to pay the counsel fee awarded therein in installments, shall be changed to direct defendant to pay installments of $100 per month commencing November 1, 1975 and continuing at said rate each month until paid in full. In accordance with the foregoing, the judgment is modified as above stated, without costs. Gulotta, P. J., Rabin, Hopkins, Martuscello and Latham, JJ., concur.

■ TALLEN CO., INC., Respondent, v FLORENCE SURKS et al., Appellants, et al., Defendants.—Judgment and order of the Supreme Court, Kings County, dated November 12, 1974 and January 16, 1974, respectively, affirmed, with $20 costs and disbursements. The judgment at Special Term properly disposed of the action. Hopkins, Acting P. J., Martuscello, Margett, Christ and Munder, JJ., concur.

■ MINNIE TRAZZI, Appellant, v WILLIAM TRAZZI, Respondent.—In a support proceeding against a former spouse pursuant to article 4 of the Family Court Act, the appeal is from an order of the Family Court, Richmond County, dated May 28, 1974, in favor of respondent, upon the trial court's dismissal of the petition at the close of petitioner's case at a nonjury trial. Order affirmed, without costs. After her divorce, petitioner had no right to seek support from her former husband in a Family Court support proceeding as she was no longer a spouse within the meaning of section 412 of the Family Court Act (see *Matter of Carter v Carter,* 19 AD2d 513; *Matter of "MM" v "MM",* 39 AD2d 995). Further, the Family Court properly ruled that it had no power to interfere with the fully executed lump-sum property settlement which was incorporated into the valid Mexican decree of divorce (see Family Ct Act, § 466, subd [c]; *Matter of Silver v Silver,* 36 NY2d 324; *Matter of Warden v Warden,* 68 Misc 2d 1080). Gulotta, P. J., Rabin, Hopkins, Latham and Margett, JJ., concur.