OPINION OF THE COURT
Richard D. Huttner, J.
This is a motion for counsel fees by the respondent ex-wife pursuant to subdivision (b) of section 237 of the Domestic Relations Law.
A brief historical outline of the subject litigation follows:
The parties were divorced October 6, 1976 and incorporated *53 in the divorce decree was a separation agreement entered into by the parties previous to the divorce.
Although not part of the court file, it appears that the said agreement provided for child support and visitation by the petitioner herein.
The respondent denied visitation to the petitioner. He moved by order to show cause and secured an order of this court dated November 11, 1977 directing visitation and continued child support. The effect of this order was simply enforcing the terms of the divorce judgment.
Notwithstanding this order, respondent continued her refusal to permit the petitioner to visit the child. As a countermeasure in retaliation petitioner suspended child support payments to respondent, accumulating them instead in a trust account on the child’s behalf.
Again, seeking redress from this court, petitioner on November 27, 1977 filed a petition alleging a violation of the November 18, 1977 order. Respondent’s defiance of the court’s directives was again demonstrated when a "stayed warrant” was issued in response to her failure to appear at the hearing wherein she was duly summoned.
Finally, in response to the "stayed warrant” respondent appeared. Before the hearing commenced psychiatric examinations of petitioner, respondent and child were ordered. This was done to substantiate or invalidate respondent’s claims that petitioner was a danger to the child. The results of the psychiatric examinations negated her accusations. Ultimately, without having any hearing, the parties stipulated to a settlement wherein the petitioner continued to pay the same amount of child support as previously and where visitation was modified from 10 a.m. to 6 p.m. Sundays to 12 noon to 4 p.m. Saturdays, and petitioner agreed to pay arrears.
The net effect of the stipulation was a restoration of petitioner’s right to visit (albeit for four hours less) and a resumption of the payment of the same amount of child support. The petitioner was vindicated and essentially the status of the parties before the inception of this litigation was restored.
The petitioner father was victorious and the respondent mother, the vanquished, yet respondent seeks payment of her counsel fees from petitioner. This position is not unprecedented. (Apkarian v Apkarian, 39 AD2d 609.)
*54 Most women at some state of their life, usually early motherhood, or in their senior years, find themselves inextricably bound to and dependent upon their husbands, economically. Finding herself without an independent source of income, how can a woman pay her lawyer in an action against the very person upon whom she is dependent financially, her husband?
Recognizing that this onerous situation inevitably would lead to a denial of justice and due process for women, the Legislature acted. Section 237 of the Domestic Relations Law provides for the payment of fees by the husband or father, as the case may be. Women are thus assured that their legal rights in matrimonial or custody actions will be untrammeled by financial circumstances.
However, awards of counsel fees should not be made with indifference or nonchalance. The touchstone upon which an award should be predicated is that the wife’s or mother’s claim or defense be rooted in reason and have some merit. (Salk v Salk, 57 AD2d 519; Walsh v Walsh, 59 AD2d 701; Moss v Moss, 36 AD2d 913.)
Success is of no importance. For if success were the sine qua non for the award of counsel fees, women understandably would be reluctant to chance the vagaries and uncertainties of litigation. This would impel many women not to seek the redress to which the law entitles them for fear of being unable to pay for their legal services should they be unsuccessful. (Mester v Mester, 58 Misc 2d 790.)
Without the condition that the wife or mother have some merit to her claim or defense the beneficent design of section 237 would be corrupted and the husbands and fathers victimized by unscrupulous wives and mothers.
In the instant case, the court finds the respondent mother’s refusal to permit visitation unjustifiable, unreasonable and without merit. Without regard to two court orders, one of the Supreme Court and one of this court, she took the law into her own hands.
It is indicative of the lack of merit in her case that the stipulation entered into between the parties terminating this litigation contained essentially the same terms as the prior order of this court. Also, no hearing had to be held nor was one required.
It would be morally repugnant to reward respondent by *55 directing the petitioner to finance her litigation which was totally without merit and was caused by respondent’s own errant behavior.
Accordingly, the motion for counsel fees is denied.