SCHWARTZ, Judge.
Moe Hirsch appeals from a final judgment which increased, from $110 to $270 a week, the support provisions of a separation agreement with his now ex-wife, the present appellee, Fay Hirsch; which granted her additional lump sum payments for the purchase of a new car and for the repayment of medical expenses; and which awarded her $15,000 in attorney’s fees. We reverse the judgment below.
In a prior appearance of this case, Hirsch v. Hirsch, 309 So.2d 47 (Fla. 3d DCA 1975), we specifically held that New York law is applicable to the present controversy, stating at 309 So.2d 49-50:
“Having determined then, that the court does have jurisdiction to modify the subject agreement, we acknowledge that clause in the separation agreement wherein the parties have agreed to be governed by the laws of the State of New York on matters affecting the said agreement. The principle is well established that when the parties to a contract have indicated their intention as to the law which is to govern the contract, then it will be governed by such law in accordance with the intent of the parties. 15A C.J.S. Conflict of Laws § 11(4); 6 Fla. Jur., Conflict of Laws § 11. In accord therewith, the trial court shall apply the appropriate New York law when considering the standards applicable if different from those of Florida.”
As all parties agree, the showing necessitated by the law of New York to justify the modification of a separation agreement such as the one before us differs very markedly from the Florida standard, which requires only a significant “change of circumstances.” Section 61.14(1) Florida Statutes (1975). In contrast, New York, as its law was expressed in the leading case of McMains v. McMains, 15 N.Y.2d 283, 258 N.Y.S.2d 93, 206 N.E.2d 185 (1965), requires an ex-wife seeking to increase alimony provisions of such an agreement to meet extremely stringent conditions. She may succeed in that demand only
“. . . when it appears not merely that the former wife wants or by some standards should have more money but that she is actually unable to support herself on the amount heretofore allowed and is in actual danger of becoming a public charge . . . ” [e.s.]
15 N.Y.2d at 283, 258 N.Y.S.2d at 95, 206 N.E.2d at 186. The later New York cases have stressed the very restrictive nature of the law on this issue and have repeatedly emphasized the requirement that the ex-wife demonstrate a “real, dire need” for an increase which would obviate an actual dan *409 ger of her becoming a “public charge.” Apkarian v. Apkarian, 39 A.D.2d 609, 331 N.Y. S.2d 239 (1972); Kreuger v. Kreuger, 86 Misc.2d 857, 383 N.Y.S.2d 1000, 1003 (Sup.Ct.1976), and cases cited.
Our review of the extensive record below convinces us that Mrs. Hirsch fell far short of satisfying these requirements of the New York law. Apart from the $110.00 weekly support provided by the agreement, Mrs. Hirsch has over $5,000 in the bank and no outstanding debts or obligations. While she is surely not a person of wealth, she is just as surely not a candidate for the welfare rolls.[1] Thus, although the modification of the alimony provisions may well have been proper under the Florida law, it was clearly not justified under the applicable law of New York. Gardner v. Gardner, 40 A.D.2d 153, 338 N.Y.S.2d 639 (1972), aff'd., 33 N.Y.2d 899, 352 N.Y.S.2d 626, 307 N.E.2d 823 (1973) (reversing increase of weekly support from $69 to $79); Apkarian v. Apkarian, supra (reversing increase from $600 to $750 per month although trial court had found “real need” for modification); Freidberg v. Freidberg, 79 Misc.2d 361, 360 N.Y.S.2d 527 (Family Ct. 1974) (denying increase in absence of “plain showing of . need to indemnify the public purse” although ex-wife’s subjective needs were in excess of her income).
A fortiori, it was error for the trial court to make lump sum awards of $5,000 for Mrs. Hirsch to purchase a new car and $2,500 for reimbursement of past medical expenses. Those awards cannot stand not only because, as we have held, Mrs. Hirsch did not satisfy the McMains criteria; but also because they represent an attempt to modify or “reform” the lump sum provisions of the parties’ settlement agreement[2] which is impermissible, no matter what the showing, under the law of New York. Trazzi v. Trazzi, 49 A.D.2d 954, 374 N.Y.S.2d 341 (1975); Kaye v. Kaye, 38 A.D.2d 753, 329 N.Y.S.2d 648 (1972); see Silver v. Silver, 36 N.Y.2d 324, 367 N.Y.S.2d 777, 327 N.E.2d 816 (1975).[3]
Our reversal of the provisions of the final judgment favorable to Mrs. Hirsch requires that the attorney’s fee award be remanded for reconsideration. Although, within the discretion of the chancellor, attorney’s fees may be granted to an ex-wife under the New York law even if she is unsuccessful in securing a modification, Gardner v. Gardner, supra; it is obvious that the $15,000 figure was largely based on her counsel’s success below. The trial court should redetermine the amount,- if any, to be awarded in the light of our contrary decision on the merits. E. g., Nott v. Nott, 368 So.2d 669 (Fla. 3d DCA 1979); Amend v. Amend, 341 So.2d 1038 (Fla. 4th DCA 1977); Bradley v. Bradley, 327 So.2d 253 (Fla. 4th DCA 1976); see Apkarian v. Apka-rian, supra.
The final judgment under review is therefore reversed and the cause is remanded with directions to deny the appellee’s claims for modification of the separation agreement[4] and for further consideration, in the light of this opinion, of her application for attorney’s fees.
Reversed and remanded with directions.

. Mrs. Hirsch may not receive public assistance either in New York, see 18 Codes, Rules & Regulations of New York, §§ 352.1(a), 352.3(a), 352.23(a), 352.24, or, as is more pertinent since she lives here, in Florida. Under Fla.Adm.Code Rule 10C-26.06 (App. 1), one may not qualify for welfare payments if his income exceeds $167 per month or he has assets of more than $600. The appellee is ineligible on both counts.

. In addition to the $110 per week in support payments, the 1968 agreement provided for lump sum payments of $11,500, which were promptly made by Mr. Hirsch.

. In this respect, the Florida law is to the same effect. Zimmer v. Zimmer, 328 So.2d 525 (Fla. 4th DCA 1976).

. In Hirsch v. Hirsch, 296 So.2d 662 (Fla. 3d DCA 1974), we affirmed a February 8, 1974 order which temporarily modified, pendente lite, the support payment from $110 to $180 per week. Because of this action, upon which Mrs. Hirsch has relied, we do not order, as did the court in Gardner v. Gardner, supra, that she repay to Mr. Hirsch the $70 per week difference she has received in the meantime, even though we now hold the increase to have been unjustified under the New York law.